FILED
United States Court of Appeals
Tenth Circuit

**July 15, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TRAVIS SEAN BOYD,

Defendant - Appellant.

No. 12-2123

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**
**(D.C. NO. 2:00-CR-00941-MV-1)**

---

Submitted on the briefs:[*]

Robert E. Kinney, Assistant Federal Public Defender, Las Cruces, New Mexico, for Defendant - Appellant.

Kenneth J. Gonzales, United States Attorney, and David N. Williams, Assistant United States Attorney, Albuquerque, New Mexico, for Plaintiff - Appellee.

---

Before **HARTZ**, **BALDOCK**, and **HOLMES**, Circuit Judges.

---

[*]After examining the appellate record, this three-judge panel determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

**HARTZ**, Circuit Judge.

Occasionally the United States Sentencing Commission revises a guideline to reduce the offense level for certain conduct and makes the change retroactive. Those sentenced under the old guideline can then seek reductions in their sentences. At resentencing, the district court recalculates the defendant's guideline range, replacing the provision used in the original sentencing with the revised provision but leaving "all other guideline application decisions unaffected." USSG § 1B1.10(b)(1) (2011). With one exception not relevant here, the new sentence cannot be below the amended guideline range. *See id.* § 1B1.10(b)(2)(A), (B).

The sole issue on this appeal is whether the district court's decision at the original sentencing to grant a downward departure of the defendant's criminal-history category is an "application decision" that remains "unaffected," or is to be disregarded in calculating the defendant's amended guideline range. We hold that it is to be disregarded.

## I.    BACKGROUND

Defendant Travis Sean Boyd was convicted in the United States District Court for the District of New Mexico of (1) conspiring between February and October 1999 to possess cocaine with the intent to distribute it and (2) possessing cocaine with intent to distribute it during the same period. *See* 21 U.S.C. § 846;

*id.* § 841(b)(1)(A). At sentencing in January 2001 the district court used the 1998 edition of the Guidelines Manual. It calculated Defendant's base offense level as 38 because he had admitted to dealing eight kilograms of crack cocaine. *See* USSG § 2D1.1(a)(3), (c)(1) (1998). The offense level was increased to 40 for obstruction of justice. *See id.* § 3C1.1 (1998).

With five criminal-history points, Defendant had a criminal-history category of III. *See id.* § 5A (1998). But the district court departed downward under § 4A1.3 to a criminal-history category of I, finding that Defendant's past criminal conduct was "significantly over-represented by his criminal history score." R., Vol. I at 17; *see* USSG § 4A1.3 (1998). Defendant's resulting guideline range was 292 to 365 months' imprisonment. *See* USSG § 5A (1998). He was sentenced to 300 months' imprisonment.

On November 1, 2011, Amendment 750 to the Sentencing Guidelines went into effect. To reduce the disparity between sentences for powder and crack cocaine, it increased the amount of crack cocaine necessary to qualify for various base offense levels under USSG § 2D1.1. *See id.* app. C, vol. III, Amend. 750, Reason for Amendment (Nov. 1, 2011). Those changes were retroactive. *See id.*, Amend. 759 (Nov. 1, 2011).

Defendant then moved for a reduction in his sentence. Under the new crack-cocaine guideline, his total offense level was reduced to 38. Defendant argued that his amended guideline sentencing range should be calculated using a

criminal-history category of I, leading to a range of 235 to 293 months. The district court, however, used the criminal-history category of III, so his guideline range was 292 to 365 months' imprisonment. It imposed a reduced sentence of 292 months. Defendant appeals, arguing that his amended guideline range should be based on his criminal-history category after the downward departure under § 4A1.3.

## II. DISCUSSION

We review de novo any legal questions about the district court's interpretation and application of the guidelines. *See United States v. Nacchio*, 573 F.3d 1062, 1066 (10th Cir. 2009). "We interpret the Sentencing Guidelines according to accepted rules of statutory construction," looking at the language of the guideline and "the interpretative and explanatory commentary" accompanying it. *Id.* (internal quotation marks omitted). "Commentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." *Id.* at 1066–67 (brackets and internal quotation marks omitted).

Ordinarily, sentencing courts may not modify a term of imprisonment once it has been imposed. *See* 18 U.S.C. § 3582(c). But there are exceptions. One allows resentencing if a retroactive amendment to the guidelines lowers the defendant's sentencing range. It states:

[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

*Id.* § 3582(c)(2). Any reduction must be consistent with the Commission's policy statement in USSG § 1B1.10, *see* USSG § 1B1.10(a)(1) (2011), which states that a defendant is not eligible for a reduction if the amendment "does not have the effect of lowering the defendant's applicable guideline range," *id.* § 1B1.10(a)(2)(B) (2011). Section 1B1.10(b)(1) (2011) further provides that to calculate a reduction, "the court shall determine the amended guideline range that would have been applicable to the defendant if the [retroactive] amendment(s) to the guidelines . . . had been in effect at the time the defendant was sentenced." In doing so, "the court shall substitute only the [retroactive] amendments . . . for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." Unless the defendant's original sentence had been reduced because of substantial assistance to authorities, the new sentence cannot be shorter than the minimum of the amended guideline range. *See* § 1B1.10(b)(1) (2011).

The calculation under § 1B1.10(b)(1) turns on what it means to "apply" the guidelines. The paragraph speaks of "the amended guideline range that would

have been *applicable*" and "the corresponding guideline provisions that were

*applied*"; and it instructs courts to "leave all other guideline *application* decisions

unaffected." *Id.* (emphasis added). In particular, we must determine whether the

act of *applying* the guidelines includes granting criminal-history departures under

§ 4A1.3—and consequently whether such departures are to be used in calculating

a defendant's amended guideline range.

We resolved the meaning of *applicable* in *United States v. Darton*, 595

F.3d 1191 (10th Cir. 2010). The specific issue was the proper interpretation of

the term *applicable guideline range* in § 1B1.10(a)(2)(B), which determines

eligibility for sentence reduction. Pointing out that the guidelines define a

departure under § 4A1.3 as "'a sentence *outside the applicable guideline range*,'"

*id.* at 1194 (quoting USSG § 1B1.1 cmt. n.1(E)[1]), we held that the term did not

take into account downward departures of criminal-history category. We wrote:

> [F]or purposes of a sentence modification under § 3582(c)(2), the
> 'applicable guideline range' and the range upon which a sentence is
> 'based' [under 18 U.S.C. § 3582(c)(2)] is, as a matter of law, the
> range produced under the guidelines' sentencing table after a correct
> determination of the defendant's total offense level and criminal
> history category but prior to any discretionary departures.

---

[1] The relevant sentence of § 1B1.1 cmt. n.1(E) states: "'Departure' means
(i) for purposes other than those specified in subdivision (ii), imposition of a
sentence *outside the applicable guideline range* or of a sentence that is otherwise
different from the guideline sentence; and (ii) for purposes of § 4A1.3
(Departures Based on Inadequacy of Criminal History Category), assignment of a
criminal history category other than the otherwise applicable criminal history
category, in order to effect a sentence *outside the applicable guideline range*."
(emphasis added). This language has not been amended since *Darton*.

*Id.* at 1197.

Darton would seem to require rejection of Defendant's argument here, but he notes recent changes in the guidelines, arguing that they require a different result. His chain of reasoning is as follows: To begin with, he notes that Amendment 759 revised § 1B1.10 cmt. n.1(A) to add a definition of *applicable guideline range*—namely, "the guideline range that corresponds to the offense level and criminal history category determined pursuant to *§ 1B1.1(a)*, which is determined before consideration of any departure provision in the Guidelines Manual or any variance." USSG § 1B1.10 n.1(A) (2011) (emphasis added). Next, he looks to see how § 1B1.1(a) directs courts to determine the criminal-history category. That section says to "determine the kinds of sentence and the guideline range as set forth in the guidelines . . . by applying the provisions of this manual in the following order," and then lists eight steps. *Id.* § 1B1.1(a) (2011). At step six, sentencing courts must "[d]etermine the defendant's criminal history category as specified in Part A of Chapter Four." *Id.* § 1B1.1(a)(6) (2011). Part A, in turn, includes § 4A1.3, which is the provision authorizing departures from the calculated criminal-history category. From this sequence of provisions, Defendant infers that criminal-history departures are incorporated in "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a)"—which is the definition of the *applicable guideline range. Id.* § 1B1.10 cmt. n.1(A) (2011). At the least, argues

Defendant, he has established that the guidelines are ambiguous, in which case they must be interpreted in his favor under the rule of lenity. *See United States v. Manatau*, 647 F.3d 1048, 1055 (10th Cir. 2011) (if there is an unresolvable ambiguity in the guidelines, the rule of lenity counsels courts to interpret them "to avoid an increase in the penalty prescribed for the offense." (internal quotation marks omitted)).

Although Defendant's argument is far from frivolous, it ignores the final clause of the definition of *applicable guideline range*. We repeat the definition, with the final clause emphasized: "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), *which is determined before consideration of any departure provision in the Guidelines Manual or any variance*." USSG § 1B1.10 n.1(A) (2011) (emphasis added). That clause would seem to undercut Defendant's argument. If the clause is read as merely being a description of the preceding language in the sentence, it is a false description, because, as Defendant points out, step 6 in § 1B1.1(a) includes criminal-history departures. Rather, the clause is better read as *qualifying* the preceding language by eliminating any consideration of departures that may occur in following §1B1.1(a).

Moreover, the "Reason for Amendment" provided by the Commission in promulgating Amendment 759 makes it clear that Defendant's interpretation is incorrect. There, the Commission explained that it issued the amendment to

resolve a circuit split over whether the "applicable guideline range" includes any departures. *See id.* app. C, vol. III, Amend. 759, Reason for Amendment at 421 (Nov. 1, 2011). Rejecting the view of three circuits that criminal-history "departures under § 4A1.3 . . . are considered before determining the applicable guideline range," it "adopt[ed] the approach of the Sixth, Eighth, and Tenth Circuits and amend[ed] Application Note 1 to clarify that the applicable guideline range referred to in § 1B1.10 is the guideline range determined pursuant to §1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance." *Id.*[2] We properly rely on a such a

---

[2] The reference to this circuit's view shows that the Commission agrees with *Darton.* In full, the Commission wrote:

[T]he amendment amends the commentary to §1B1.10 to address an application issue. Circuits have conflicting interpretations about when, if at all, the court applies a departure provision before determining the "applicable guideline range" for purposes of § 1B1.10. The First, Second, and Fourth Circuits have held that, for § 1B1.10 purposes, at least some departures (e.g., departures under § 4A1.3 (Departures Based on Inadequacy of Criminal History Category) (Policy Statement)) are considered before determining the applicable guideline range, while the Sixth, Eighth, and Tenth Circuits have held that "the only applicable guideline range is the one established before any departures". See United States v. Guyton, 636 F.3d 316, 320 (7th Cir. 2011) (collecting and discussing cases [including *Darton*]; holding that departures under § 5K1.1 are considered after determining the applicable guideline range but declining to address whether departures under § 4A1.3 are considered before or after). Effective November 1, 2010, the Commission amended §1B1.1 (Application Instructions) to provide a three-step approach in determining the sentence to be imposed. See USSG App. C, Amend. 741 (Reason for Amendment). Under §1B1.1 as so

(continued...)

Reason for Amendment to resolve ambiguities. *See United States v. Mollner*, 643 F.3d 713, 718 (10th Cir. 2011) (relying on Commission's Reason for Amendment to interpret amendment).

Thus, the "amended guideline range that would have been applicable to" Defendant does not include the downward departure under § 4A1.3. Other circuits agree with this reading of the amended guidelines. *See United States v. Montanez*, Nos. 11-4933-cr(L) & 11-4935-cr(con), 2013 WL 2346409, at *4 (2d Cir. May 30, 2013) (per curiam) ("[T]he 'amended guideline range,' as the 'range that would have been applicable to the defendant' had the relevant amendments been in effect, does not incorporate any departure a court previously granted under § 4A1.3."); *United States v. Hippolyte*, 712 F.3d 535, 541 (11th Cir. 2013) ("Amendment 759 itself explained that the reason for adding the definition of

---

[2](...continued)
amended, the court first determines the guideline range and then considers departures. Id. ("As amended, subsection (a) addresses how to apply the provisions in the Guidelines Manual to properly determine the kinds of sentence and the guideline range. Subsection (b) addresses the need to consider the policy statements and commentary to determine whether a departure is warranted."). Consistent with the three-step approach adopted by Amendment 741 and reflected in §1B1.1, the amendment adopts the approach of the Sixth, Eighth, and Tenth Circuits and amends Application Note 1 to clarify that the applicable guideline range referred to in § 1B1.10 is the guideline range determined pursuant to §1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance.

*Id.* app. C, vol. III, Amend. 759, Reason for Amendment at 421 (Nov. 1, 2011).

applicable guideline range to the Sentencing Guidelines was that there was a circuit split over which specific departures should be considered part of the sentencing range. . . . Amendment 759 issued to clear up this confusion by specifying that no departures are part of the applicable guideline range." (footnote omitted)). The district court correctly resentenced Defendant using his predeparture criminal-history category.

## III. CONCLUSION

We AFFIRM the judgment of the district court.