FILED
United States Court of Appeals
Tenth Circuit

October 9, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

ANDREW J. PRICE,

    Defendant-Appellant.

No. 15-3125

(D.C. No. 2:10-CR-20129-KHV-5)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **BALDOCK** and **HARTZ**, Circuit Judges.[**]
_____

In April 2011, Defendant Andrew J. Price pleaded guilty to Count One of a Superseding Indictment charging him with conspiracy to distribute and possession with intent to distribute more than 5 kilograms of cocaine powder and more than 280 grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii), 841(b)(1)(A)(iii), and 846. Defendant made this plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) ("Rule 11(c)(1)(C)"), and any agreed-upon sentence under such a plea "binds the court once the court accepts the plea agreement." Fed. R. Crim. P.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. _See_ Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

11(c)(1)(C). The parties recommended a sentence of 240 months' imprisonment and, in the fourth paragraph of the agreement, stated:

> [t]he parties are of the belief that the proposed sentence does not offend the now advisory sentencing guidelines, but because this proposed sentence is sought pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties are not requesting imposition of an advisory guideline sentence.

Defendant also waived his right to file any motion under 18 U.S.C. § 3582(c)(2). This statute authorizes a district court to modify or reduce a defendant's sentence when that sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

The Presentence Investigation Report, prepared after Defendant executed the plea agreement to help the district court decide whether it should accept the plea, concluded that Defendant's total offense level was 37 and that he was in criminal history category I. This corresponded to an advisory Guideline sentence of 210 to 262 months. At the September 15, 2011 sentencing hearing, the district court explicitly referenced this range and told Defendant:

> As you know, we start the sentencing process by figuring out where you stand under the sentencing guidelines. And here they would call for a sentence between 210 and 262 months. After reviewing the entire case in light of the parties' agreement for a sentence of 240 months, I'm convinced that this sentence which you propose would be sufficient but not greater than necessary to meet all of the objectives of federal sentencing law.

The district court thus accepted the plea agreement and sentenced Defendant to 240 months' imprisonment.

In February 2015, Defendant—notwithstanding the waiver he made in his plea agreement—filed a motion pro se in the district court to reduce or modify his sentence

2

pursuant to 18 U.S.C. § 3582(c)(2). He argued that Amendment 782 to the United States Sentencing Guidelines, which "reduces by two levels the [base] offense levels assigned" to the drug-trafficking offenses he was convicted under, lowered his total offense level to 35. U.S. Sentencing Guidelines Manual app. C, amend. 782 (Supp. 2014). The corresponding effect would be an advisory Guideline range of 168 to 210 months' imprisonment. Because his imposed sentence of 240 months was above this modified range, Defendant asked the district court "to consider sentencing him at or near the bottom of his amended guideline range."

The district court dismissed Defendant's § 3582(c)(2) motion for lack of jurisdiction.[1] Its decision was based on this Court's holding in *United States v. Graham*, 704 F.3d 1275 (10th Cir. 2013), where we ruled that a district court did not have jurisdiction to reach the merits of a pro se litigant's § 3582(c)(2) motion when his sentence "was not based on a Guideline sentencing range but on the terms of his [binding Rule 11(c)(1)(C)] plea agreement." *Id.* at 1278. The district court concluded that Defendant's Rule 11(c)(1)(C) plea agreement "calls for a specific sentence [of 240 months] and does not use or employ a guideline sentencing range," and that it had sentenced Defendant "based solely" on this plea agreement. It thus determined that it could not reach the merits of his motion.

Defendant thereafter timely filed a motion for reconsideration, arguing that he satisfied the *Graham* rule because Defendant's plea agreement, unlike the oral plea

---

[1] The district court acknowledged that Defendant had waived his right to file any § 3582(c)(2) motions in the district court, but it stated in its Order that "[i]n dismissing defendant's present motion, the Court does not rely on the waiver in the plea agreement."

agreement at issue in *Graham*, explicitly stated that "[t]he parties are of the belief that the proposed sentence does not offend the now advisory sentencing guidelines." He contended that this written language showed his sentence was "based on" a Guideline sentencing range. In support of his argument, he analogized his situation to *Freeman v. United States*, 131 S. Ct. 2685 (2011), where the Supreme Court held that a binding Rule 11(c)(1)(C) agreement containing express language that the defendant "agrees to have his sentence determined pursuant to the Sentencing Guidelines" was clearly a sentence "based on" a Guideline sentencing range. *Id.* at 2690, 2699–700. The district court, however, determined that Defendant's plea agreement "[r]ead in its entirety . . . called for a sentence of a specific number of months, not a specific offense level or range under the guidelines." The district court thus denied Defendant's motion for reconsideration. Defendant now appeals, and we exercise jurisdiction under 28 U.S.C. § 1291. *See United States v. Trujeque*, 100 F.3d 869, 870–71 (10th Cir. 1996).

We generally review a denial of a motion to reconsider for abuse of discretion. *United States v. Randall*, 666 F.3d 1238, 1241 (10th Cir. 2011). When the district court denied this motion on the grounds that a binding Rule 11(c)(1)(C) plea agreement divested it of its § 3582(c)(2) jurisdiction, however—a matter that is a pure question of law—we review the order de novo. *See Graham*, 704 F.3d at 1277.

Defendant returns to his primary argument made in the district court and contends that, in accordance with the *Graham* rule, the language in his plea agreement stating "[t]he parties are of the belief that the proposed sentence does not offend the now advisory sentencing guidelines" shows his agreement is based on the Sentencing

4

Guidelines. *Graham* itself was primarily grounded in the Supreme Court's decision in *Freeman*, and in that case, we ruled that Justice Sotomayor's concurring decision in *Freeman* provided the Court's governing holding. *Id.* at 1278. As it relates to Defendant's present appeal, Justice Sotomayor's concurrence furnished an important rule of law: a defendant's Rule 11(c)(1)(C) plea agreement is based on the Sentencing Guidelines—and therefore eligible for reduction under § 3582(c)(2)—only if that agreement "*expressly* uses a Guideline sentencing range applicable to the charged offense to establish the term of imprisonment." *Freeman*, 131 S. Ct. at 2695 (Sotomayor, J., concurring in the judgment) (emphasis added). This express use can occur in only two possible ways: (1) when the Rule 11(c)(1)(C) agreement "call[s] for the defendant to be sentenced within a particular Guidelines sentencing range," or (2) when the agreement "provide[s] for a specific term of imprisonment . . . but also *makes clear* that the basis for the specific term is a Guidelines sentencing range applicable to the offense to which the defendant pleaded guilty." *Id.* at 2697 (Sotomayor, J., concurring in the judgment) (emphasis added).

Defendant's plea agreement satisfies neither of these express uses. Because his agreement proposes a specific sentence of 240 months, it does not call for the district court to sentence Defendant within a particular Guidelines sentencing range. Moreover, his agreement does not "make clear" that the basis for this 240-month term is a Guidelines sentencing range because the agreement never mentions or describes any such range. In fact, Paragraph 4 of the agreement contains language stating exactly the opposite: the parties explicitly note that "because this proposed sentence is sought

5

pursuant to Fed. R. Crim. P. 11(c)(1)(C), *the parties are not requesting imposition of an advisory guideline sentence*."   When read in conjunction with this dismissal of the Guidelines, the language stating that the sentence does not "offend" the Sentencing Guidelines merely indicates that the length of the sentence is not arbitrary.  *See id.* (Sotomayor, J., concurring in the judgment) ("[P]lea bargaining necessarily occurs in the shadow of the sentencing scheme to which the defendant would otherwise be subject.").

Defendant combats this conclusion by pointing to a statement the Government made in its Sentencing Memorandum wherein it declared that "[e]ven though the government will recommend a sentence of 240 months imprisonment . . . the government believes the USSG should be properly applied in any case."   He argues that this statement, when coupled with the "does not offend" language from the plea agreement, shows the Government clearly intended to use the Guidelines as a basis for its recommended sentence.   Contrary to Defendant's reading, however, the most natural reading of this statement is that the Government was urging the district court, *if it elected not to accept the binding plea agreement*, to impose a sentence that conformed to the Sentencing Guidelines.   This reading is supported by the final paragraph of the Government's Sentencing Memorandum:

> [T]he government believes the defendant's USSG range should be determined to be 210 to 262 months imprisonment.  The government would note that *but for the defendant's Rule 11(c)(1)(C) plea agreement*, it would likely be requesting an upward departure from the high end of the defendant's USSG range. . . .   However, as long as the defendant does not violate the plea agreement entered into by the parties, the government will recommend a sentence of 240 months imprisonment pursuant to the plea agreement.

6

Any experienced prosecutor would have argued the same as an alternative measure.

Even if we were to give Defendant the benefit of the doubt and assume that this statement from the Sentencing Memorandum manifested the Government's intent to use the Guidelines as a basis for the 240-month sentence, this intent is not expressly apparent from the plea agreement. This discrepancy would contravene the rule from Justice Sotomayor's concurrence in *Freeman* that the plea agreement *itself* must "make clear" that the Guidelines serve as the basis for the sentence. *See id.* (Sotomayor, J., concurring in the judgment) (noting that district courts need not "engage in a free-ranging search through the parties' negotiating history" in an effort to find some reference to a Guidelines sentencing range that might have influenced a Rule 11(c)(1)(C) plea agreement). Thus, at the very most, all this statement shows is that Defendant and the Government considered the Sentencing Guidelines when drafting the plea agreement and preparing for sentencing; for the Government to have done otherwise would have been unusual. *Id.* (Sotomayor, J., concurring in the judgment) ("[I]n most cases the Government and the defendant will negotiate the term of imprisonment in a [Rule 11(c)(1)(C)] agreement by reference to the applicable Guidelines provisions.").

Defendant also argues that the district court's consideration of the Guidelines and reference to the objectives of the 18 U.S.C. § 3553(a) sentencing factors at his sentencing hearing transformed his sentence into one based on the Guidelines. Justice Sotomayor noted, however, that § 3582(c)(2) cannot be invoked to reduce a defendant's sentence "simply because the court itself considered the Guidelines in deciding whether to accept the [Rule 11(c)(1)(C)] plea agreement." *See id.* at 2696 (Sotomayor, J., concurring in the

judgment). The district court was using the Guideline range and objectives solely to determine whether it should accept the plea agreement, so this argument also fails.

Finally, Defendant invokes our rule of "construing any ambiguities against the government as the drafter of the [plea] agreement," *United States v. Altamirano-Quintero*, 511 F.3d 1087, 1094 (10th Cir. 2007) (quoting *United States v. Rodriguez-Delma*, 456 F.3d 1246, 1250 (10th Cir. 2006)) (internal quotation mark omitted), to argue that we must adopt his interpretation of the statement that "[t]he parties are of the belief that the proposed sentence does not offend the now advisory sentencing guidelines." This rule, however, is contingent on the presence of an *ambiguity* in the plea agreement, *see id.*, and Defendant's agreement contains none: the parties expressly state in the same paragraph of the agreement that "because this proposed sentence is sought pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties are not requesting imposition of an advisory guideline sentence." Once again, the clear conclusion we must draw is that the plea agreement, when read as a whole, is unambiguous and not based on the Guidelines. Thus, while it is undoubtedly true that we construe plea agreements "according to contract principles and what the defendant reasonably understood when he entered his plea," *United States v. Veri*, 108 F.3d 1311, 1313 (10th Cir. 1997), we cannot hold Defendant's interpretation of this clause to be reasonable.

AFFIRMED.

Entered for the Court,


Bobby R. Baldock
United States Circuit Judge