**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 25, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES COURT OF APPEALS

TENH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSE L. FALCON-SANCHEZ,

Defendant - Appellant.

No. 15-3127
(D.C. No. 2:07-CR-20077-KHV-1)
(D. Kan.)

---

ORDER AND JUDGMENT[*]

---

Before **GORSUCH**, **O'BRIEN**, and **BACHARACH**, Circuit Judges.

---

After the Sentencing Commission lowered the base offense levels for

certain drug crimes, *see* U.S. Sentencing Guidelines Manual app. C, amend. 782

(Supp. 2014), Jose Falcon-Sanchez asked the district court to reduce his sentence

under 18 U.S.C. § 3582(c)(2). The district court denied his request, holding that

Mr. Falcon-Sanchez isn't eligible for such a reduction because his Rule

---

[*]    After examining the briefs and appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).
The case is therefore ordered submitted without oral argument. This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

11(c)(1)(C) plea agreement called for a specific stipulated sentence — 168 months in prison — and did not rely on an advisory guidelines sentencing range.

On appeal, Mr. Falcon-Sanchez argues he is entitled to relief under the Supreme Court's decision in *Freeman v. United States*, 131 S. Ct. 2685 (2011). The questions presented in *Freeman* were whether and when an initial sentence imposed (as here) under a Rule 11(c)(1)(C) plea agreement can be said to be "based on" a Guidelines sentencing range. *See id.* at 2690 (plurality opinion).

*Freeman* produced a fractured result. Four justices indicated that they would "permit the district court to revisit a prior sentence to whatever extent the sentencing range in question was a relevant part of the analytic framework the judge used to determine the sentence or to approve the agreement." *Id.* at 2692-93. The dissent preferred a categorical rule barring any revision to a sentence imposed under a Rule 11(c)(1)(C) agreement. *Id.* at 2700-01 (Roberts, C.J., dissenting). And Justice Sotomayor, writing for herself in a controlling concurrence, rejected both the plurality's approach and the dissent's. She suggested instead that district courts have authority to revise a sentence only "when a [Rule 11(c)(1)(C)] agreement expressly uses a Guidelines sentencing range to establish the term of imprisonment." *Id.* at 2698 (Sotomayor, J., concurring in the judgment); *see also United States v. Graham*, 704 F.3d 1275, 1278 (10th Cir. 2013) (recognizing that "Justice Sotomayor's concurrence . . . represents the Court's holding").

Justice Sotomayor identified two scenarios in which a prisoner may qualify for a revised sentence. The first occurs when the agreement "call[s] for the defendant to be sentenced within a particular Guidelines sentencing range." *Freeman*, 131 S. Ct. at 2697 (Sotomayor, J., concurring in the judgment). The second occurs when the agreement expressly "make[s] clear that the basis for the specified term is a Guidelines sentencing range applicable to the offense to which the defendant pleaded guilty." *Id.*

Mr. Falcon-Sanchez satisfies neither of these conditions for relief. Because his plea agreement stipulated to a sentence of 168 months, the district court was never asked to sentence Mr. Falcon-Sanchez within a particular sentencing range. Neither did the agreement clearly indicate that the basis for his sentence was a particular guidelines sentencing range. In fact, the agreement contains language stating exactly the opposite: "because this proposed sentence is sought pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties are not requesting imposition of an advisory guideline sentence."

Because Mr. Falcon-Sanchez's sentence was based on his Rule 11(c)(1)(C) plea agreement and not on an advisory guidelines sentencing range that has been lowered by the sentencing commission within the meaning of the controlling opinion in *Freeman*, the district court properly recognized that it lacked authority to revise it. *See, e.g.*, *United States v. Rivera-Martínez*, 665 F.3d 344, 348-50

(1st Cir. 2011); *United States v. Price*, No. 15-3125, 2015 WL 5915954, at *2-3 (10th Cir. Oct. 9, 2015).

Affirmed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge