**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JONATHAN BROOKS JONES,

    Defendant - Appellant.

No. 15-2128
(D.C. No. 2:10-CR-00101-RB-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **BALDOCK**, and **MORITZ**, Circuit Judges.[**]
_____

Defendant Jonathan Jones pleaded guilty through a binding plea agreement to

possession with intent to distribute 500 grams or more of cocaine and aiding and

abetting. The district court accepted the plea agreement and sentenced him to the

stipulated 105 months' incarceration. After the Sentencing Commission reduced the

base offense level for the offense to which Jones pleaded guilty, he moved the district

court to reduce his sentence. Because we conclude Jones' sentence was not based on

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument.

the sentencing range that has since been modified, the district court lacked jurisdiction to consider his motions. Exercising jurisdiction under 28 U.S.C. § 1291, we remand with instructions to the district court to vacate its previous orders and dismiss Jones' motion.

## I.

In 2010, Jones pleaded guilty to possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and aiding and abetting, in violation of 18 U.S.C. § 2. In his plea agreement pursuant to rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, Jones and the government stipulated that a sentence of 105 months was appropriate. The district court imposed the agreed-upon sentence. In 2015, Jones moved the district court to modify his sentence through 18 U.S.C. § 3582(c)(2), which authorizes district courts to reduce previously imposed sentences in limited circumstances, and United States Sentencing Guidelines § 1B1.10, which retroactively reduced the base offense level for the amount of cocaine to which Jones pleaded guilty to possessing. The district court denied Jones' motion in a brief order, and when Jones moved the district court to reconsider, it issued an opinion again denying Jones relief, explaining that Jones' plea agreement did not expressly indicate that the stipulated term of imprisonment was based on the Guidelines. Jones appeals the district court's first order denying his § 3582(c)(2) motion.

2

## II.

Although federal courts generally lack jurisdiction to modify a term of imprisonment after it has been imposed, *see United States v. Graham*, 704 F.3d 1275, 1277 (10th Cir. 2013), Congress has expressly given courts discretion to reduce a sentence that was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission" after considering the factors in 18 U.S.C. § 3553(a) and the Sentencing Commission's policy statements. 18 U.S.C. § 3582(c)(2). In determining whether a defendant is entitled to have his originally-imposed sentence reduced, we review the first step de novo: whether a district court has jurisdiction to consider a particular reduction request, that is, whether the sentence reduction is authorized. *United States v. White*, 765 F.3d 1240, 1245 (10th Cir. 2014) *cert. denied*, 135 S. Ct. 1009 (2015). We review the second step of the analysis for an abuse of discretion: whether the reduction is warranted considering the 18 U.S.C. § 3553(a) factors and the Sentencing Commission's policy statements. *Id.*

Because Jones entered into a rule 11(c)(1)(C) plea agreement, we must determine whether his sentence was based on the sentencing range that has since been lowered, a question that goes to the first step regarding the district court's jurisdiction under 18 U.S.C. § 3582(c)(2). Justice Sotomayor's concurrence in *Freeman v. U.S.*, 131 S. Ct. 2685 (2011), which we have explained represents the controlling holding, *see Graham*, 704 F.3d at 1278, outlines two situations in which a rule 11(c)(1)(C) plea agreement is based on a Guidelines sentencing range: (1) when the agreement "call[s] for the defendant to be sentenced within a particular Guidelines sentencing range," or

3

(2) when the plea agreement "provide[s] for a specific term of imprisonment . . . but also make[s] clear that the basis for the specific term is a Guidelines sentencing range applicable to the offense to which the defendant pleaded guilty." *Freeman*, 131 S. Ct. at 2697–98 (Sotomayor, J., concurring in the judgment). In this second situation, the sentencing range that forms the basis of the specified term should be "evident from the agreement itself." *Id.*

Justice Sotomayor determined that Freeman's plea agreement fell within the second situation. Freeman's agreement stated that he "agrees to have his sentence determined pursuant to the Sentencing Guidelines," and that the court should impose a term of 106 months imprisonment. *Freeman*, 131 S. Ct. at 2699. The plea agreement provided additional information regarding Freeman's 60-month mandatory minimum sentence for his first conviction, as well as his offense level and criminal history category necessary to calculate the 46 to 57 month range applicable to his second conviction. Taken together, Justice Sotomayor determined the stipulated term of 106 months in the plea agreement was his mandatory minimum sentence plus the lowest end of the guideline range for his second offense. Therefore, Freeman's term of imprisonment was "based on" a Guidelines sentencing range. *Id.* at 2700.

Because Jones' plea agreement does not state a sentencing range but rather specifies that a sentence of 105 months is appropriate, we must determine whether the plea agreement "make[s] clear that the basis for that specific term is a Guidelines sentencing range applicable to the offense" to which Jones pleaded guilty. *Freeman*, 131

4

S. Ct. at 2697 (Sotomayor, J., concurring in the judgment). Jones' plea agreement

contains the following stipulations:

> 10. The United States and the defendant stipulate as follows:
>
> a. The defendant and the United States agree, pursuant to Fed. R. Crim. P. 11(c)(1)(C) and U.S.S.G. § 6B1.2(c), that the appropriate sentence in this case is 105 months. The remaining components of the defendant's sentence, including but not limited to any fine or restitution and the length and conditions of supervised release, shall be imposed by the Court after the presentation of evidence and/or argument by the parties.
>
> b. Pursuant to U.S.S.G. § 2D1.1(c), the parties stipulate that the defendant is responsible for 503.7 net grams of cocaine.
>
> c. Pursuant to U.S.S.G. § 3E1.1(a), the defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the defendant's criminal conduct. Consequently, so long as the defendant continues to accept responsibility for the defendant's criminal conduct, the defendant is entitled to a reduction of two (2) levels from the base offense level as calculated under the sentencing guidelines. This reduction is contingent upon the defendant providing an appropriate oral or written statement to the United States Probation officer who prepares the presentence report in this case in which the defendant clearly establishes the defendant's entitlement to this reduction.
>
> d. Provided the defendant meets the requirements of U.S.S.G. § 3E1.1(b), the government agrees to move for a reduction of one (1) additional level from the base offense level as calculated under the sentencing guidelines.

The stipulations in Jones' plea agreement certainly mention the Sentencing Guidelines,

including § 2D1.1(c), the Drug Quantity Table that has since been altered. But simply

mentioning the Guidelines in a plea agreement does not "make[] clear" what sentencing

range is applicable. As Justice Sotomayor noted, "in most cases the Government and the

defendant will negotiate the term of imprisonment in a (C) agreement by reference to the

5

applicable Guidelines provisions." *Freeman*, 131 S. Ct. at 2697 (Sotomayor, J., concurring in judgment); *see also id.* ("[P]lea bargaining necessarily occurs in the shadow of the sentencing scheme to which the defendant would otherwise be subject.").

Since Freeman, we've recognized several instances when sentences stipulated in rule 11(c)(1)(C) agreements were not based on a sentencing range. *See*, *e.g.*, *United States v. Falcon-Sanchez*, No. 15-3127, 2015 WL 7567489, at *1 (10th Cir. Nov. 25, 2015) (unpublished) (explaining that the plea agreement stipulated to a sentence of 168 months, did not "clearly indicate that the basis for [the defendant's] sentence was a particular guidelines sentencing range," and contained language disclaiming reliance on the sentencing guidelines: "because this proposed sentence is sought pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties are not requesting imposition of an advisory guideline sentence"); *United States v. Price*, No. 15-3125, 2015 WL 5915954, at *3 (10th Cir. Oct. 9, 2015) (unpublished) (explaining that the defendant's agreement proposed a specific sentence of 240 months, did not mention or describe any sentencing range, and disclaimed reliance on the Guidelines by stating that "because this proposed sentence is sought pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties are not requesting imposition of an advisory guidelines sentence"); *Graham*, 704 F.3d at 1278 & n.5 (noting that the defendant's plea agreement, which was not reduced to writing, stipulated to a 25-year sentence without any reference to a Guideline sentencing range). Although Jones' plea agreement does not specifically disclaim any reliance on the sentencing Guidelines like the plea agreements in *Falcon-Sanchez* and *Price*, it also does not specifically state that he agreed to have his sentence determined pursuant to the Guidelines like the plea

6

agreement in *Freeman*. Also unlike the plea agreement in *Freeman*, Jones' plea agreement does not provide all the information necessary to independently calculate the applicable Guidelines sentencing range. Specifically, Jones' plea agreement does not state his criminal history category.[1] If Jones and the government based his stipulated sentence on a Guidelines sentencing range, that range is not "evident from the agreement itself." *Freeman*, 131 S. Ct. at 2698 (Sotomayor, J., concurring in the judgment).

## III.

Because Jones' rule 11(c)(1)(C) plea agreement was not based on a sentencing range that has since been lowered, the district court lacked jurisdiction to consider Jones' § 3582(c)(2) motion and should have dismissed, rather than denied, Jones' motion.[2] We

---

[1] At least two other circuits have determined that a stipulated sentence in a rule 11(c)(1)(C) plea agreement that does not indicate the defendant's criminal history category is not based on a Guidelines sentencing range, because that range cannot be determined from the plea agreement alone. *See United States v. Austin*, 676 F.3d 924, 930 (9th Cir. 2012) (noting that because "the plea agreement does not contain any information about Austin's criminal history category," it was "impossible" to determine whether the agreement employed a particular sentencing range); *United States v. Rivera-Martinez*, 665 F.3d 344, 349 (1st Cir. 2011) (explaining that when the agreement does not specify the defendant's criminal history category, that "silence . . . makes it impossible to conclude from the Agreement alone that the proposed sentence is based on a specific sentencing range").

[2] We also note the district court's initial order, which is the only order Jones has appealed from, is a form "Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)." This form indicates that the district court denied the defendant's § 3582(c)(2) motion after considering the motion, the Sentencing Commission's policy statements, and the 18 U.S.C. § 3553(a) sentencing factors. This form may be appropriate to use when the district court has determined that 18 U.S.C. § 3582(c)(2) authorizes a sentence reduction, but it is not appropriate when, as here, the district court has determined it does not have authority to consider the § 3582(c)(2) motion. Not only does the form tend to mislead the parties as to the reason for the court's

7

remand to the district court with instructions to vacate its previous orders and dismiss Jones' § 3582(c)(2) motion for lack of jurisdiction.

Entered for the Court

Bobby R. Baldock
Circuit Judge

---

actions, but the form only allows the court to grant or deny, rather than dismiss, the motion.