UNITED STATES COURT OF APPEALS

February 29, 2016

TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

STEVEN B. JONES, a/k/a Smooth,

Defendant-Appellant.

No. 15-8105
(D.C. No. 2:05-CR-00078-ABJ-5)
(D. Wyo.)

ORDER AND JUDGMENT*

Before **BRISCOE, GORSUCH** and **McHUGH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to honor the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is, therefore,

submitted without oral argument.

Steven Bradley Jones, Sr., appeals the district court's reduction of his sentence

pursuant to 18 U.S.C. § 3582(c)(2) after the Sentencing Commission retroactively

---

* This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

reduced the base offense level corresponding to his crime of conviction. We review the district court's decision to reduce a sentence under 18 U.S.C. § 3582(c)(2) for abuse of discretion, but review de novo the district court's interpretation of a statute or the Sentencing Guidelines. United States v. Sharkey, 543 F.3d 1236, 1238 (10th Cir. 2008). We affirm.

In 2005, Jones was convicted of conspiracy to possess with intent to distribute, and to distribute, cocaine base, and conspiracy to use a place where crack cocaine is manufactured, distributed, and used, in violation of 21 U.S.C. §§ 841, 846, and 856. Based on the amount of drugs attributed to Jones, his base offense level was 38. U.S.S.G. § 2D1.1 (2005). The district court applied a two-level enhancement for possessing a firearm during his offenses, but varied[1] Jones' offense level downward four levels for reasons not relevant here. Jones' total offense level was therefore 36. His criminal history placed him in Category V, yielding an advisory sentencing range of 292–365 months' imprisonment. The district court imposed a 300-month sentence.

The Sentencing Commission later amended the Guidelines, resulting in a retroactive reduction of Jones' base offense level from 38 to 34, effective November 1, 2014. U.S.S.G. app. C, Amend. 782 & 788; U.S.S.G. §§ 1B1.10(d) & 2D1.1(c). Section 3582 of Title 18 permits district courts to modify a term of imprisonment "in the case of a

---

[1] The district court's decision to lower Jones' base offense level constituted a variance pursuant to 18 U.S.C. § 3553(a) considerations, rather than a downward departure from a calculated Guidelines range. See United States v. Alapizco-Valenzuela, 546 F.3d 1208, 1220–22 (10th Cir. 2008).

2

defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In this type of modification, district courts must "substitute only the amendments" to the Guidelines range, and "shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b). The district court here was therefore required to leave the two-level enhancement for possession of a firearm intact, and calculate Jones' sentence based on a Category V criminal history. See id. The district court was without discretion, however, to re-apply the four-level downward variance it applied at Jones' original sentencing. 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(b)(2), n.1, n.3; United States v. Boyd, 721 F.3d 1259, 1260 (10th Cir. 2013).[2] Thus, Jones' new total offense level was 36 (base level of 34 with a two-level firearms enhancement), the same total offense level calculated at his original sentencing. The advisory sentencing range therefore remained unchanged: 292–365 months. See U.S.S.G. Sentencing Table. The district court reduced Jones' sentence to 292 months.

Jones takes issue with the new sentence because he erroneously calculates his new offense level at 34, rather than 36, overlooking the two-level enhancement for firearms possession. He does not contend the four-level downward variance should be applied— nor could he. U.S.S.G. § 1B1.10 n.1, n.3; Boyd, 721 F.3d at 1262–63. An offense level

---

[2] Although Boyd involved a downward departure in the original sentencing rather than a variance, U.S.S.G. § 1B.10 prevents district courts from considering either prior departures or variances in an 18 U.S.C. § 3582(c)(2) sentence reduction. U.S.S.G. § 1B1.10 n.1, n.3; Boyd, 721 F.3d at 1262–63.

of 34 would have yielded a range of 235–293 months. Jones argues he should have been resentenced to 243 months' imprisonment—the same differential from the advisory range minimum as his 300-month sentence in the 292–365 range. However, this argument is inapplicable because the correctly calculated range is 292–365 months.

We conclude the district court did not err in its Guideline calculations following Amendments 782 and 788 to the Guidelines, and we affirm Jones' sentence. Jones' motion to proceed without full prepayment of costs and fees is granted.

Entered for the Court


Mary Beck Briscoe
Circuit Judge