**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 15, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

STEVEN WAYNE HANCOCK,

Defendant - Appellant.

No. 15-8123
(D.C. No. 1: 13-CR-00162-NDF-1)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **O'BRIEN**, and **PHILLIPS**, Circuit Judges.

Steven Wayne Hancock pled guilty to conspiracy to possess with intent to

distribute and to distribute methamphetamine. 21 U.S.C. §§ 841(a)(1), 846. His plea

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument.
 This order and judgment is an unpublished decision, not binding precedent. 10th Cir. R. 32.1(A). Citation to unpublished decisions is not prohibited. Fed. R. App. 32.1. It is appropriate as it relates to law of the case, issue preclusion and claim preclusion. Unpublished decisions may also be cited for their persuasive value. 10th Cir. R. 32.1(A). Citation to an order and judgment must be accompanied by an appropriate parenthetical notation – (unpublished). *Id.*

agreement, entered into pursuant to Rule 11(c)(1)(C), called for a stipulated sentence of 151 months imprisonment. *See* Fed. R. Crim. P. 11(c)(1)(C) (allowing the parties to, *inter alia*, "agree that a specific sentence or sentencing range is the appropriate disposition of the case;" "such a recommendation or request binds the court once the court accepts the plea agreement"). The judge accepted the plea agreement and sentenced him to the specified term.

Almost a year later, the United States Sentencing Commission retroactively reduced the base offense level applicable to Hancock's crime of conviction by two. USSG App. C supplement, amends. 782, 788 (Nov. 1, 2014). This prompted Hancock to file a motion to amend his sentence under 18 U.S.C. § 3582(c)(2). The judge concluded he was not eligible for a reduction and denied the motion.

Generally, a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see also United States v. Graham*, 704 F.3d 1275, 1277 (10th Cir. 2013) ("Federal courts generally lack jurisdiction to modify a term of imprisonment once it has been imposed."). But § 3582(c)(2) contains an exception. It gives a judge the discretion to reduce the sentence "of a defendant who has been sentenced to a term of imprisonment *based on a sentencing range that has subsequently been lowered by the Sentencing Commission*." § 3582(c)(2) (emphasis added).

In *Freeman v. United States*, the Supreme Court addressed whether a defendant, like Hancock, who pleads guilty under a Rule 11(c)(1)(C) agreement may seek a sentence reduction under § 3582(c)(2) when the otherwise applicable guideline range is retroactively amended. 564 U.S. 522 (2011). In her controlling concurrence, *see*

*Graham*, 704 F.3d at 1278, Justice Sotomayor concluded that a term of imprisonment imposed pursuant to a Rule 11(c)(1)(C) plea agreement is normally "'based on' the agreement itself, not on the judge's calculation of the Sentencing Guidelines." 564 U.S. at 534 (Sotomayer, J., concurring). Nevertheless, she identified two scenarios in which a Rule 11(c)(1)(C) agreement is "based on" a guideline sentencing range: (1) the agreement "call[s] for the defendant to be sentenced within a particular Guidelines sentencing range" or (2) the agreement provides for a specific term of imprisonment but also "make[s] clear that the basis for the specified term is a Guidelines sentencing range applicable to the offense to which the defendant pleaded guilty." *Id.* at 538-39. Neither is present in this case. Hancock's plea agreement did not ask the judge to sentence him within a particular guideline range nor did it "expressly use[] a Guidelines sentencing range to establish the term of imprisonment." *Id.* at 539. Indeed, no range is mentioned in the agreement.[1]

---

[1] The agreement does twice mention the guidelines. First, it provides: "The Defendant has been advised of § 1B1.3 of the Sentencing Guidelines regarding use of relevant conduct in establishing sentence and has read the advisement regarding supervised release as stated in this Plea Agreement." (R. Vol. 1 at 12.) Second, under the section outlining the government's obligations, it says: "If the Defendant fully accepts responsibility during the presentence investigation conducted by the United States Probation Office, the United States agrees to recommend the court grant a reduction of the appropriate number of offense levels to reflect his acceptance of responsibility. *See* U.S.S.G. § 3E1.1." (*Id.* at 14.) "But simply mentioning the Guidelines in a plea agreement does not 'make clear' what sentencing range is applicable." *United States v. Jones*, 634 F. App'x 649, 651 (10th Cir. 2015) (unpublished). What is clear is that Hancock's plea agreement does not mention a guideline range or even provide the information necessary to calculate such range because it does not indicate his criminal history category. *Id.* at 652 & n.1.

Nevertheless, Hancock claims his sentence was "based on" the guidelines because the probation officer calculated an advisory guideline range of 188-235 months and noted the court would need to vary downward two-levels to arrive at the stipulated sentence (151 months). But USSG § 6B1.2(c) requires the district judge to "use the Guidelines as a yardstick" in deciding whether to accept a stipulated sentence in a Rule 11(c)(1)(C) agreement. *Id.* at 536. Thus, it was necessary for the probation officer to calculate the advisory guideline range so the judge could ensure the agreed upon sentence was appropriate. In any event, it is the terms of the Rule 11(c)(1)(C) plea agreement itself, as opposed to the words or actions of the judge or probation officer, that determine whether a sentence specified in the agreement is "based on" a guideline sentencing range. *Id.* at 538- 540. The terms of Hancock's plea agreement do not specify that the stipulated sentence was in any way tethered to a guideline sentencing range.

Finally, he claims the judge erred in denying his § 3582(c)(2) motion because he never waived the right to bring that motion in his plea agreement. No one says he did. But the fact he did not waive a right does not mean he is eligible for it.

The district court's analysis was correct. However, the motion should have been dismissed, rather than denied. *Graham*, 704 F.3d at 1279. We **VACATE** the order denying the motion and **REMAND** for dismissal of the motion for lack of jurisdiction.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge

- 4 -