**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 12, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

JOSE BERNARDO GONZALEZ-
RAMOS, a/k/a Ramos Gonzalez,

     Defendant - Appellant.

No. 17-5016
(D.C. No. 4:14-CR-00141-GKF-1)
(N.D. Okla.)

_____

ORDER AND JUDGMENT[*]
_____

Before **BRISCOE**, **HARTZ**, and **BACHARACH**, Circuit Judges.
_____

Defendant Jose Bernardo Gonzalez-Ramos, a federal prisoner proceeding pro se,

appeals the denial of his motion for sentence modification and appointment of counsel.

*See* 18 U.S.C. § 3582(c)(2) (sentence modification). We exercise jurisdiction under

28 U.S.C. § 1291 and affirm.

On September 23, 2014, Defendant pleaded guilty in the United States District

Court for the Northern District of Oklahoma to one count of illegal reentry, in violation

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

of 8 U.S.C. § 1326(a), (b)(2).  On January 7, 2015, he was sentenced to 37 months'

imprisonment.  The following year, the United States Sentencing Commission adopted

Amendment 802 to its Sentencing Guidelines, effective November 1, 2016.  *See* USSG

Supp. to app. C., amend. 802 at 159 (2016).  The amendment reduces the offense levels

for certain enhancements under USSG § 2L1.2(b)(1)(A).  *See* USSG Supp. to app. C.,

amend. 802 at 156.

On January 17, 2017, Defendant filed a motion to reduce his sentence because of

the Amendment.  The district court denied the motion, explaining that "the Sentencing

Commission did not make the amendment to § 2L1.2(b)(1) retroactive."  R., Vol. I at 16

(Order) (original brackets and internal quotation marks omitted).  Defendant timely

appealed.

"Ordinarily, sentencing courts may not modify a term of imprisonment once it has

been imposed."  *U.S. v. Boyd*, 721 F.3d 1259, 1261 (10th Cir. 2013).  But 18 U.S.C.

§ 3582(c)(2) creates an exception when the Sentencing Commission has reduced the

applicable sentencing range "if such a reduction is consistent with applicable policy

statements issued by the Sentencing Commission."  Section 1B1.10 of the Sentencing

Guidelines, in turn, states:

> In a case which a defendant is serving a term of imprisonment, and the guideline
> range applicable to that defendant has subsequently been lowered *as a result of an*
> *amendment to the Guidelines Manual listed in subsection (d) below*, the court may
> reduce the defendant's term of imprisonment as provided by 18 U.S.C.
> § 3582(c)(2).

USSG § 1B1.10(a)(1) (2016) (emphasis added).  A sentence reduction is thus permitted

only if the amendment reducing the sentencing range is listed in § 1B1.10(d).  *See also*

§ 1B1.10(a)(2)(A) (reduction is not authorized under § 3582(c)(2) if "none of the amendments listed in subsection (d) is applicable to the defendant"). Because Amendment 802 is not listed in § 1B1.10(d), it does not have retroactive effect and the district court was correct to deny Defendant's motion.

On appeal Defendant presents an entirely different claim. He now contends that "he was not given the correct jail credit per 18 U.S.C. Section 3585(b)" because the district court failed to apply his time in custody with the United States Immigration and Customs Enforcement Agency. Aplt. Br. at 2. Nothing in the record indicates that Defendant raised this issue before the district court. Generally, "a federal appellate court does not consider an issue not passed upon below." *In re Walker,* 959 F.2d 894, 896 (10th Cir. 1992) (internal quotation marks omitted). Defendant "does not argue on appeal that any special circumstance requires us to address [his] contention despite lack of preservation below." *United States v. Windrix,* 405 F.3d 1146, 1156 (10th Cir. 2005). Therefore, we do not consider his new claim.

We **AFFIRM** the judgment of the district court.

Entered for the Court


Harris L Hartz
Circuit Judge

3