FILED
**United States Court of Appeals**
**Tenth Circuit**

**December 26, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

STEVEN WAYNE HANCOCK,

    Defendant - Appellant.

No. 18-8056
(D.C. No. 1:13-CR-00162-NDF-1)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **McHUGH**, and **CARSON**, Circuit Judges.
_____

Defendant Steven Wayne Hancock appeals the order of the United States District

Court for the District of Wyoming denying his motion under 18 U.S.C. § 3582(c)(2) to

reduce his sentence because of a retroactive amendment to the United States Sentencing

Guidelines. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm. Our conclusion

follows easily from a review of his original sentence, the pertinent change in the

guidelines, and the law governing sentence reductions.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Defendant pleaded guilty to conspiracy to possess with intent to distribute and to distribute methamphetamine. His plea agreement, entered under Fed. R. Crim. P. 11(c)(1)(C), called for a stipulated sentence of 151 months' imprisonment. The presentence report (PSR) calculated his base offense level at 34 (based on 270 grams of actual methamphetamine), his total offense level at 33, and his criminal-history category as IV, producing a guidelines sentencing range of 188–235 months' imprisonment. The PSR noted that a downward variance in Defendant's offense level to 31 would be required to reach a sentencing range that would include the 151-month sentence contemplated by his plea agreement. The district court accepted the plea agreement and sentenced Defendant to 151 months' imprisonment.

The United States Sentencing Commission later issued Amendment 782 to the guidelines, which reduced by two the base offense level for the quantity of methamphetamine attributable to Defendant. Amendment 788 declared that Amendment 782 should be applied retroactively.

We affirmed the denial of Defendant's first motion for relief under § 3582(c)(2). *See United States v. Hancock*, 667 F. App'x 704, 705–06 (10th Cir. 2016). He then filed a second motion but was again denied relief. He appeals that denial.

We review de novo the district court's interpretation of the Sentencing Guidelines. *See United States v. Boyd*, 721 F.3d 1259, 1261 (10th Cir. 2013). A court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). But a defendant may be eligible for a sentence reduction if he was "sentenced to a term of imprisonment *based on* a sentencing range that has subsequently been lowered by the

Sentencing Commission" when a sentence reduction "is *consistent with applicable policy statements issued by the Sentencing Commission*." 18 U.S.C. § 3582(c)(2) (emphasis added).

The policy statements specify that to determine whether a defendant is entitled to a sentence reduction, the district court must calculate "the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines . . . had been in effect at the time the defendant was sentenced." USSG § 1B1.10(b)(1). To determine the amended guideline range, "the court shall substitute only the [retroactive] amendments . . . for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." *Id*. The amended guideline range does not account for departures or variances from the guidelines applied in setting the defendant's original sentence. *See* USSG § 1B1.10 n.1(A); *Boyd*, 721 F.3d at 1261, 1263–64.

The policy statements then instruct the district courts that they cannot "reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range." USSG § 1B1.10(b)(2)(A). This limitation applies even "[i]f the term of imprisonment imposed [originally] was outside the guideline range applicable to the defendant at the time of sentencing." USSG § 1B1.10, n.3. The sole exception is for a sentence that was lowered "pursuant to a government motion to reflect the defendant's substantial assistance to authorities." USSG § 1B1.10(b)(2)(B).

Although on Defendant's prior appeal we held that he was ineligible for a sentence reduction under § 3582(c)(2) because his original sentence had not been "based on" his

guideline sentencing range, *see Hancock*, 667 F. App'x 704, the Supreme Court has since modified the test for whether a sentence is so based, *see Hughes v. United States*, 138 S. Ct. 1765, 1775 (2018). We therefore assume that Defendant has now satisfied that condition for a sentence reduction. But Defendant is still ineligible for relief because his sentence could not be further reduced.

Defendant's base offense level under Amendment 782 would be 32, rather than 34. The further adjustments to his offense level would be the same as before, so his newly adjusted total offense level would be 31. The two-level downward variance in Defendant's offense level contemplated by his original sentence is irrelevant. *See Boyd*, 721 F.3d at 1264. With an unchanged criminal-history category of IV, Defendant's new guidelines range is 151–188 months.

Under the policy statements, Defendant is not entitled to a sentence reduction below 151 months—the minimum of that range. *See* USSG § 1B1.10(b)(2)(A); *see also United States v. Rhodes*, 549 F.3d 833, 841 (10th Cir. 2008) (policy statement that "a sentencing court shall not . . . impose a sentence below the amended guideline range" is "binding on district courts"). Because Defendant was originally sentenced to 151 months' imprisonment, the policy statements prohibit any further reduction in his sentence.

Defendant argues that the policy statements can be ignored, suggesting that they are "advisory only." Aplt. Br. at 5 (citing *United States v. Booker*, 543 U.S. 220 (2005)). But *Booker* does not apply in sentence-modification proceedings under § 3582(c)(2). *See Dillon v. United States*, 560 U.S. 817, 828 (2010); *Rhodes*, 549 F.3d at 839–41.

The district court therefore correctly held that Defendant is not entitled to a sentence reduction.

## I.       CONCLUSION

We **AFFIRM** the district court's dismissal of Defendant's motion.

Entered for the Court


Harris L Hartz
Circuit Judge