**UNITED STATES COURT OF APPEALS**

**April 5, 2016**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAVIER DOZAL,

Defendant - Appellant.

No. 15-3283
(D. Kan.)
(D.C. No. 2:09-CR-20005-KHV-8)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **MURPHY**, and **PHILLIPS**, Circuit Judges.

After examining the briefs and the appellate record, this court has

determined unanimously that oral argument would not materially assist the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

Accordingly, the case is ordered submitted without oral argument.

In 2010, Appellant Javier Dozal pleaded guilty to conspiracy to distribute

and possess with intent to distribute more than 500 grams of a mixture or

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

substance containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1).  In the written plea agreement, the parties proposed a 151-month term of incarceration followed by five years of supervised release.  The agreement sets forth the parties' belief "that the proposed sentence does not offend the now advisory sentencing guidelines," but also states the parties "are not requesting imposition of an advisory guideline sentence."  *See* Fed. R. Crim. P. 11(c)(1)(C) (permitting a plea agreement to specify "that a specific sentence . . . is the appropriate disposition of the case").  The district court accepted the plea agreement and sentenced Dozal to 151 months' incarceration.  *See id*. (providing a "specific sentence" contained in a Rule 11(c)(1)(C) plea agreement "binds the court once the court accepts the plea agreement").

In 2015, Dozal moved the district court to modify his sentence under 18 U.S.C. § 3582(c)(2), which permits modification of a previously imposed sentence if the defendant's advisory guidelines range has been lowered by an amendment to the Sentencing Guidelines.  Dozal requested that the district court apply Amendment 782 to reduce his term of imprisonment.  *See* USSG Guidelines Manual app. C, amend. 782 (reducing by two levels the base offense level assigned to certain drug trafficking offenses).  The district court denied the motion, concluding it lacked authority to modify Dozal's sentence because he was originally sentenced pursuant to a binding plea agreement, not the Guidelines.

Thus, his advisory guidelines range is irrelevant and Amendment 782 is inapplicable.

This court reviews a district court's denial of a § 3582(c)(2) motion for abuse of discretion. *United States v. Sharkey*, 543 F.3d 1236, 1238 (10th Cir. 2008). In the course of that review, we apply a *de novo* standard to the district court's interpretation of a statute or the Guidelines. *Id.* Section 3582(c)(2) gives a district court the power to modify a defendant's term of imprisonment only if the defendant was originally sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." The Supreme Court recently held that a sentence imposed pursuant to Rule 11(c)(1)(C) is based on the Guidelines only when the plea agreement "expressly uses a Guidelines sentencing range applicable to the charged offense to establish the term of imprisonment." *Freeman v. United States*, 131 S. Ct. 2685, 2695 (2011) (Sotomayor, J., concurring); *United States v. Graham*, 704 F.3d 1275, 1278 (10th Cir. 2013) (concluding Justice Sotomayor's concurring opinion "represents the Court's holding" in *Freeman*).

The plea agreement between Dozal and the Government provides for a specific term of imprisonment that is clearly set out in the agreement. The agreement does not contain any calculation of an advisory guidelines range or any statement that the proposed sentence was based on any guidelines range. *Freeman*, 131 S. Ct. at 2698 (Sotomayor, J., concurring) (holding a sentence is

not based on the Guidelines unless the plea agreement itself "expressly uses a Guidelines sentencing range to establish the term of imprisonment"). Further, the plea agreement specifically requested that Dozal not be sentenced in accordance with any applicable guidelines range.

Having reviewed the plea agreement and the entire appellate record, it is clear the foundation for the 151-month sentence imposed by the district court was the parties' Rule 11(c)(1)(C) agreement and not the Guidelines. *See Freeman*, 131 S. Ct. at 2695 (Sotomayor, J., concurring) ("[I]n applying § 3582(c)(2) a court must discern the foundation for the term of imprisonment imposed by the sentencing judge."). Accordingly, the district court correctly determined that it lacked authority to grant Dozal any relief pursuant to § 3582(c)(2). *See Graham*, 704 F.3d at 1278.

The district court's judgment is **affirmed**.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge