**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 18, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

<u>PUBLISH</u>

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

    No. 16-3084

GREGORY D. JORDAN,

     Defendant - Appellant.
_____

**Appeal from the United States District Court**
**for the District of Kansas**
**(D.C. No. 2:08-CR-20117-JWL-1)**
_____

Daniel T. Hansmeier, Appellate Chief (Melody Brannon, Federal Public Defender, and Carl Folsom, III, Assistant Federal Public Defender, with him on the briefs), Office of the Federal Public Defender, Topeka, Kansas, for Defendant-Appellant.

Jared S. Maag, Assistant United States Attorney (Thomas E. Beall, Acting United States Attorney, with him on the brief), Topeka, Kansas, for Plaintiff-Appellee.
_____

Before **LUCERO** and **BACHARACH**, Circuit Judges.[*]

_____

     [*] The Honorable Neil Gorsuch heard oral argument but did not participate in this Opinion. The practice of this court permits the remaining judges to act as a quorum in resolving the appeal. See 28 U.S.C. § 46(d); see also United States v. Wiles, 106 F.3d 1516, 1516 n* (10th Cir. 1997) (noting this court allows remaining judges to act as a quorum to resolve an appeal); Murray v. Nat'l Broad. Co., 35 F.3d 45, 48 (2d Cir. 1994) (remaining two judges of original three-judge panel may decide petition for rehearing without third judge).

_____

**LUCERO**, Circuit Judge.
_____

Under 18 U.S.C. § 3582(c)(2), a district court may reduce a defendant's term of imprisonment if it was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." This appeal requires us to address the "based on" requirement of § 3582(c)(2) in the context of a Fed. R. Crim. P. 11(c)(1)(C) plea agreement.

Defendant Gregory Jordan was sentenced to 168 months' imprisonment pursuant to a Rule 11(c)(1)(C) agreement that proposed a base offense level of 31 and a Guidelines range of 135 to 168 months. The district court accepted the plea agreement, despite a discrepancy between the parties' agreed-upon sentencing range and the range calculated by the district court. After both ranges were subsequently lowered by the Sentencing Commission, Jordan moved for a reduced sentence under § 3582(c)(2). The district court denied relief, concluding that Jordan's sentence was not "based on" the Guidelines and he was thus ineligible for a sentence reduction. We hold, to the contrary, that Jordan's sentence was "based on" the Guidelines for purposes of § 3582(c)(2). Accordingly, he is eligible for relief. Exercising jurisdiction under 28 U.S.C. § 1291, we reverse and remand.

**I**

In 2009, Jordan entered a Fed. R. Crim. P. 11(c)(1)(C) plea agreement, pleading guilty to one count of conspiracy to possess with the intent to distribute five

kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii), and 846, and 18 U.S.C. § 2. The agreement proposed a Guidelines offense level of 31, for a sentencing range of 135 to 168 months' imprisonment. The agreement also stated that the parties were "of the belief that the proposed sentencing range [did] not offend the now advisory sentencing guidelines," and that "because [the] proposed sentence [was] sought pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties [were] not requesting imposition of an advisory guideline sentence."

At a change of plea hearing, the prosecutor affirmed that the parties' agreed-upon offense level "fairly and accurately represent[ed]" Jordan's particular offense, "pursuant to a plea with acceptance of responsibility coming into play." She further indicated her belief that Jordan had a criminal history category of III, resulting in a Guidelines range of 135 to 168 months. The court accepted Jordan's guilty plea, but reserved judgment on the plea agreement pending review of the presentence investigation report ("PSR").

In the PSR, there was a notable change from the plea agreement: it assessed a total offense level of 33, for a sentencing range of 168 to 210 months' imprisonment. This range was calculated based on a criminal history category of III and a finding that Jordan had conspired to possess and distribute fifteen kilograms of cocaine, resulting in a base offense level of 34. The PSR then added a two-point enhancement for possession of firearms and a three-level reduction for acceptance of responsibility. Neither party objected to the PSR.

3

At sentencing, the district court adopted the PSR in full, but also accepted the parties' plea agreement. A "small disparity" was acknowledged by the court between the sentencing range proposed in the agreement "and what the guidelines strictly applied would allow." The court then imposed a sentence of 168 months' imprisonment, reasoning that such a term was at "the low end of what the guideline range would otherwise have been," which it described as "an important factor." It also noted that the plea agreement and PSR differed as to the quantity of cocaine used in the calculations, and it agreed with the PSR's assessment of fifteen kilograms rather than the agreement's apparent assessment of ten kilograms. Final judgment was entered in October 2009.

On November 1, 2014, Guidelines Amendments 782 and 788 went into effect, retroactively lowering the base offense levels for certain drug quantities. The base offense level for fifteen kilograms of cocaine was reduced from 34 to 32, and the base offense level for ten kilograms of cocaine was reduced from 32 to 30. See U.S.S.G. § 2D1.1(c)(4) & (5) (Drug Quantity Table) (2014). Jordan subsequently filed a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), requesting a new sentence of 135 months. That motion was dismissed for lack of jurisdiction on the ground that Jordan was ineligible for a sentence reduction because his sentence was "based on" the parties' plea agreement and not the Sentencing Guidelines. Jordan timely appealed.

**II**

We review de novo the district court's dismissal for lack of jurisdiction under § 3582(c). United States v. Graham, 704 F.3d 1275, 1277 (10th Cir. 2013). Federal courts generally lack the authority to "modify a term of imprisonment once it has been imposed." § 3582(c). However, § 3582(c)(2) permits a district court to reduce a defendant's sentence if it was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and such a reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." Under those policy statements, a court may reduce a defendant's sentence if "the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual." U.S.S.G. § 1B1.10(a)(1).

Our first step in determining whether Jordan is eligible for a sentence reduction is considering whether his sentence was "based on" a subsequently lowered Guidelines range. Because Jordan was sentenced under a Rule 11(c)(1)(C) plea agreement, our analysis is directed by the Supreme Court's fragmented decision in Freeman v. United States, 564 U.S. 522 (2011). Pursuant to Justice Sotomayor's controlling concurrence,[1] a term of imprisonment imposed under a Rule 11(c)(1)(C)

---

[1] This circuit has previously determined that Justice Sotomayor's concurrence offers the narrowest grounds for the Court's decision and therefore controls. Graham, 704 F.3d at 1278. Jordan suggests this court should revisit that conclusion in light of recent decisions by the Ninth and D.C. Circuits adopting the plurality's approach in Freeman. See United States v. Davis, 825 F.3d 1014, 1026 (9th Cir. 2016); United States v. Epps, 707 F.3d 337, 350-51 (D.C. Cir. 2013). However, "[w]e are bound by the precedent of prior panels absent en banc reconsideration or a

5

plea agreement is "based on" the Guidelines if the agreement either "call[s] for the defendant to be sentenced within a particular Guidelines sentencing range," or "provide[s] for a specific term of imprisonment . . . [and] make[s] clear that the basis for the specified term is a Guidelines sentence range applicable to the offense to which the defendant pleaded guilty." Freeman, 564 U.S. at 538-39 (Sotomayor, J., concurring in judgment).

Applying Freeman, the district court concluded that Jordan's sentence was not "based on" the Guidelines—and that he was consequently ineligible for a sentence reduction—for three reasons:  (1) the plea agreement does not contain a "clear link" between the agreed-upon sentencing range and the Guidelines; (2) the agreement disclaims any connection to the Guidelines; and (3) the agreed-upon range was lower than the range applicable to Jordan as calculated by the PSR.  We disagree and conclude that Jordan's sentence was "based on" the Guidelines within the meaning of § 3582(c)(2).

## A

If a Rule 11(c)(1)(C) agreement calls for a defendant to be sentenced within a particular Guidelines sentencing range, "the district court's acceptance of the agreement obligates the court to sentence the defendant accordingly, and there can be no doubt that the term of imprisonment the court imposes is 'based on' the agreed-upon sentencing range within the meaning of § 3582(c)(2)." Freeman, 564 U.S.

---

superseding contrary decision by the Supreme Court." In re Smith, 10 F.3d 723, 724 (10th Cir. 1993) (per curiam).

at 538.  Jordan's plea agreement stated:  "The parties propose, as an appropriate disposition of the case, assessing a Guideline offense level of 31, for a sentencing range of 135 months to 168 months in prison . . . ."  This proposed range plainly contemplates a sentence "based on" a particular Guidelines sentencing range and bound the district court upon its acceptance of the parties' plea agreement.  See United States v. Leonard, 844 F.3d 102, 111 (2d Cir. 2016) ("[W]hen an 11(c)(1)(C) agreement thus expressly uses the Guidelines to identify the agreed-upon sentencing range, a district court's acceptance of the agreement and its imposition of the agreed-upon sentence satisfies the 'based on' requirement of § 3582(c)(2).").

Both the government and the district court suggest that the sentencing range in Jordan's plea agreement cannot be linked to the Guidelines because the agreement omits any reference to his criminal history category.  But this omission is not dispositive.  Because the terms of the agreement are clear that the proposed sentencing range comes from the Guidelines, there is no need for additional information.  Moreover, Justice Sotomayor's concurrence contemplates that even if an agreement proposes a specific sentence rather than a range, the omission of certain sentencing variables does not necessarily preclude a court from holding that the stipulated sentence was based on the Guidelines.  See Freeman, 546 U.S. at 542-43.  Freeman's plea agreement, which called for a 106-month sentence, specified his offense level and criminal history category but not the applicable sentencing range.  Id.  Justice Sotomayor expressly rejected the dissent's contention that, in light of that missing information, there was no way of knowing that the proposed sentence was

7

"based on" the Guidelines.  Id.  Looking to the Guidelines' sentencing table, she used the offense level and criminal history category in the plea to identify the applicable sentencing range and concluded it was "evident" that the agreement arrived at its proposed sentence using the Guidelines.  Id.

We do not need to conduct a similar analysis in this case because Jordan's agreement calls for a sentencing range rather than a specific term of imprisonment; thus, the connection to the Guidelines is more apparent.  However, we note that even if we were compelled to conduct such an analysis, the plea agreement contains sufficient information for us to confirm that the agreed-upon sentencing range was based on the Guidelines.  An offense level of 31 and a Guidelines range of 135 to 168 months correspond to a criminal history category of III.  This is consistent with the PSR's determination of Jordan's criminal history category, as well as the parties' representations at the change of plea hearing.  It is therefore "evident" that the plea agreement, and Jordan's subsequent sentence, was based on a Guidelines sentencing range.[2]

The district court reached the opposite conclusion after identifying cases in which the omission of particular sentencing variables from a plea agreement

---

[2] We further reject the government's contention that the plea agreement was required to specify the drug quantity attributable to Jordan.  Again, the parties' sentencing calculations are supported by the sentencing factors identified in the plea agreement, as well as the agreement's factual basis, which suggests a finding that Jordan conspired to obtain ten kilograms of cocaine.  At the time of Jordan's sentencing, that quantity of cocaine corresponded to a base offense level of 32.  See U.S.S.G. § 2D1.1(c)(4) (2008).  After the parties' agreed-upon two-level increase for possession of a firearm and three-level reduction for acceptance of responsibility, Jordan's total offense level would be 31, as reflected in the plea agreement.

8

precluded a determination that the defendant's sentence was based on the Guidelines. However, those cases involved plea agreements proposing a specific term of imprisonment rather than a Guidelines sentencing range. Accordingly, those authorities do not control the outcome of this case. Moreover, they are distinguishable from Freeman in that the parties' plea agreements stipulated to a sentence without providing either the applicable Guidelines range or enough additional information, such as criminal history category or offense level, to make "evident" that the agreements were based on the Guidelines. See, e.g., United States v. Jones, 634 F. App'x 649, 651-53 (10th Cir. 2015) (unpublished) (plea agreement stipulated to 105-month sentence without stating sentencing range or criminal history category); Graham, 704 F.3d at 1278-79, 1278 n.5 (plea agreement not reduced to writing and merely stipulated to 25-year sentence); United States v. Austin, 676 F.3d 924, 930 (9th Cir. 2012) (plea agreement provided for 17-year term without including sentencing range or criminal history category), overruled on other grounds by Davis, 825 F.3d at 1022; United States v. Rivera-Martinez, 665 F.3d 344, 345-46, 349-50 (1st Cir. 2011) (plea agreement imposed 240-month sentence but said nothing about sentencing range or criminal history category).

**B**

Our conclusion that Jordan was sentenced based on the Guidelines for purposes of § 3582(c)(2) is not altered by a provision in the plea agreement stating that the parties are not requesting imposition of an advisory Guidelines sentence. In interpreting a plea agreement, we must consider the agreement as a whole and

9

construe it in a manner reflecting what the defendant reasonably understood when he entered the plea. See United States v. Veri, 108 F.3d 1311, 1313-14 (10th Cir. 1997) (disregarding provision that ran contrary to meaning of plea agreement "[w]hen read from beginning to end"). Considering Jordan's agreement as a whole, we conclude that its inclusion of both a disclaimer of reliance on the Guidelines and an express reference to a Guidelines sentencing range renders the agreement ambiguous. Because ambiguities in plea agreements are construed against the government, see United States v. Guzman, 318 F.3d 1191, 1195 (10th Cir. 2003), the mere presence of the disclaimer provision is not conclusive.

Other cases addressing the effect of similar disclaimer provisions are distinguishable because they involved plea agreements stipulating to specific sentences without reference to a Guidelines range. Thus, because the link between the stipulated sentence and the Guidelines was somewhat more tenuous, the disclaimer provision did not create the same ambiguity that it does in this case. See, e.g., United States v. Dozal, 644 F. App'x 851, 853 (10th Cir. 2016) (unpublished); United States v. Falcon-Sanchez, 622 F. App'x 766, 767 (10th Cir. 2015) (unpublished); United States v. Price, 627 F. App'x 738, 741-42 (10th Cir. 2015) (unpublished). Further, none of these cases concluded that the disclaimer provision is dispositive of a defendant's eligibility for § 3582(c) relief; instead, each correctly treated the presence of the disclaimer as merely one factor to be considered in determining whether the stipulated sentence was based on the Guidelines.

## C

The final issue is whether a sentencing range proposed in a plea agreement can be "based on" the Guidelines if that range differs from the one calculated by the district court. In this case, the district court adopted the PSR, which calculated Jordan's sentencing range as 168 to 210 months. In contrast, Jordan's plea agreement provided for a range of 135 to 168 months. Relying on this discrepancy, the government argues, and the district court agreed, that the sentencing range used in the plea agreement was not the range "applicable to" Jordan's offense, and that consequently, Jordan was not sentenced "based on" the Guidelines.

As stated supra, a defendant is eligible for a § 3582(c)(2) sentence reduction if two requirements are satisfied: (1) the original sentence is "based on" a subsequently-lowered Guidelines range; and (2) a reduction would be consistent with the applicable policy statement, which permits a reduction if "the guideline range applicable to" the defendant has been lowered. U.S.S.G. § 1B1.10(a)(1). The commentary to § 1B1.10(a) further defines the "applicable guideline range" as "the guideline range that corresponds to the offense level and criminal history category [determined by the district court] . . . before consideration of any departure provision . . . or . . . variance." § 1B1.10 cmt. n.1(A). The government conflates these two prongs, arguing that the "based on" requirement can only be satisfied in the Rule 11(c)(1)(C) context if the defendant's sentence is "based on" a Guidelines range that is also "applicable to" his offense. We disagree that these two inquiries must necessarily be the same.

11

In cases that did not involve Rule 11(c)(1)(C) agreements, this court has stated that the phrases "based on" and "applicable to" reflect the same inquiry for purposes of § 3582(c)(2).  See United States v. Darton, 595 F.3d 1191, 1194 (10th Cir. 2010); United States v. Dryden, 563 F.3d 1168, 1170-71 (10th Cir. 2009).  Yet the Rule 11(c)(1)(C) context is unique.  As Justice Sotomayor explained in Freeman, "it is the parties' agreement that controls in the (C) agreement context."  564 U.S. at 542 n.8.  Thus, "even if the District Court had calculated the range differently than the parties, [a defendant] would still be eligible for resentencing as long as the parties' chosen range was one that was subsequently lowered by the Sentencing Commission."  Id. (citation, quotation, and ellipsis omitted).[3]

Relying on this statement in Freeman, both the Second and the Sixth Circuits have held that a term of imprisonment imposed pursuant to a Rule 11(c)(1)(C) plea agreement can be "based on" the Guidelines for purposes of § 3582(c)(2), even if the parties' agreed-upon sentencing range differs from the range calculated by the district court.  See Leonard, 844 F.3d at 111-12; United States v. Smith, 658 F.3d 608, 612-13 (6th Cir. 2011).  We agree.[4]  Despite the discrepancy in this case between the

---

[3] We note that the issue presented in this case was not before the Court in Freeman because there was no discrepancy between the district court's sentencing calculations and the sentence proposed by the parties.  See id. at 527 (plurality op.).

[4] In United States v. White, 765 F.3d 1240 (10th Cir. 2014), we reaffirmed Darton and Dryden post-Freeman.  Id. at 1248-49.  But as in both Darton and Dryden, White did not involve a Rule 11(c)(1)(C) plea agreement, and the decision makes clear that it is affirming the prior cases only in the non-Rule 11(c)(1)(C) context.  Id. at 1249 ("In so holding, we note that every circuit to consider Freeman's effect on its non-(c)(1)(C) 'based on' jurisprudence has agreed." (emphasis added)).

12

parties' agreed-upon sentencing range and the range calculated by the district court, we conclude that Jordan satisfies the "based on" requirement of § 3582(c)(2) because his plea agreement expressly proposes a Guidelines sentencing range.[5]

### III

We also conclude that the second requirement for § 3582(c)(2) eligibility—that a sentence reduction be consistent with the applicable policy statement, which requires a showing that the Guidelines range "applicable to" Jordan has been lowered—is met. In so holding, we need not determine whether the range "applicable to" Jordan is the range proposed in the parties' plea agreement or the one calculated by the PSR, because both ranges were subsequently lowered by Amendment 782 to the Guidelines. In addition, neither party has specifically briefed the issue, and Jordan appears to concede that the "applicable" range is the range calculated by the district court. His § 3582(c)(2) motion requests a reduced sentence of 135 months—the low end of the PSR's proposed range, as subsequently amended. And he asks us to adopt the reasoning of Leonard, which held that the range

Notably, the issue in White was whether a defendant was sentenced "based on" a subsequently-lowered Guidelines range for purposes of a § 3582(c) reduction when he was subject to a mandatory minimum sentence but the district court relied on the Guidelines to apply a discretionary upward variance. Id. at 1241, 1245. Accordingly, the conclusion in White, that a defendant's sentence is "based on" the range produced under a correct Guidelines calculation and prior to any discretionary departures, was intended to clarify only that a defendant is not eligible for a sentence reduction if the Guidelines were relied upon solely to calculate a discretionary upward departure. It therefore does not control our analysis in this case.

[5] Because we have determined that the sentencing range in the parties' plea agreement was "based on" the Guidelines, we do not address Jordan's alternative argument that he was sentenced based on the sentencing range identified in the PSR.

13

"applicable to" the defendant was the range independently calculated by the district court before acceptance of the plea agreement. See 844 F.3d at 116.[6] Accordingly, for purposes of determining the extent of the sentence reduction for which Jordan is eligible on remand, we assume without deciding that the approach in Leonard is correct and that the Guidelines range applicable to Jordan's offense is the range identified in the PSR, as subsequently lowered by Amendment 782. But see Smith, 658 F.3d at 613 (concluding prior to the § 1B1.10 commentary discussed in Leonard that the Guidelines range "applicable to" the defendant was the range provided in the plea agreement).

In making this assumption, we reject the suggestion that Jordan is ineligible for relief simply because his applicable Guidelines range, as amended, is identical to the agreed-upon range under which he was originally sentenced. This may affect the district court's ultimate determination as to whether Jordan is entitled to a sentence

---

[6] In determining that the "applicable" range for purposes of the Guidelines policy statement is the range independently calculated by the district court, not the range agreed upon by the parties, the Second Circuit relied on the post-Freeman commentary to § 1B1.10, discussed supra. See Leonard, 844 F.3d at 112-17. Citing this commentary, Leonard concluded that "when a district court accepts an 11(c)(1)(C) sentence or sentencing range that is lower than its calculated Guidelines range, what the court effectively does is grant a departure or variance." Id. at 113. The Second Circuit affirmed the authority of courts to grant such a variance, while stating that the acceptance of a parties' plea agreement "does not transform the lower agreed-upon range into the applicable Guidelines range." Id. at 113-14. Accordingly, although both the 97-to-121-month sentencing range in the plea agreement and the 121-to-151-month range calculated by the district court in Leonard were subsequently lowered by Guidelines Amendments, the district court was only authorized to reduce Leonard's sentence to the low end of the latter range, as amended—i.e., the range "applicable to" his offense. Id. at 116.

reduction; however, as long as Jordan could receive a lower sentence under the amended Guidelines, this fact does not bear on the court's jurisdiction to hear Jordan's motion in the first instance. See Freeman, 564 U.S. at 541 ("[I]n cases where the Government believes that even the limited sentence reduction authorized by § 3582(c)(2) and USSG § 1B1.10 improperly benefits the defendant, it can argue to the district court that the court should not exercise its discretion under the statute to reduce the sentence."); Leonard, 844 F.3d at 116 ("[W]e do not know what weight the district court gave the initial applicable Guidelines range in granting the variance reflected in the parties' agreed-to lower range. Thus, we cannot be certain that if the district court were presented with a lower applicable range equal to the agreed-to range, it would not sentence at the lower end of the range.").

## IV

For the foregoing reasons, the district court's dismissal of Jordan's § 3582(c)(2) motion is **REVERSED**. We **REMAND** to the district court to determine whether, consistent with the principles announced herein, Jordan should receive a reduced sentence under 18 U.S.C. § 3582(c)(2).

15