**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 29, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DARRICK DION ANTWINE,

    Defendant - Appellant.

No. 16-7088
(D.C. No. 6:12-CR-00032-RAW-1)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **HOLMES**, and **BACHARACH**, Circuit Judges.
_____

    Defendant Darrick Dion Antwine appeals from the district court's dismissal of his motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) for lack of jurisdiction. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the dismissal. Because Defendant's sentence was entered in accordance with a Fed. R. Crim. P. 11(c)(1)(C) plea agreement to a specific term of imprisonment not calculated under the Sentencing Guidelines, it was not "based on" the guidelines and § 3582(c)(2) cannot be applied to lower Mr. Antwine's sentence.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

We review de novo the district court's dismissal for lack of jurisdiction under § 3582(c). *See United States v. Jordan*, 853 F.3d 1334, 1338 (10th Cir. 2017). "Federal courts generally lack the authority to modify a term of imprisonment once it has been imposed." *Id.* (internal quotation marks omitted). But § 3582(c)(2) provides an exception to this general rule, permitting a district court to reduce a defendant's sentence when two conditions are met: first, that the sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission"; and second, that the reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at 1338. Defendant's motion under § 3582 fails to satisfy the first condition.

Defendant was sentenced under a Fed. R. Crim. P. 11(c)(1)(C) agreement. To determine whether the sentence was based on a guideline sentencing range, we follow Justice Sotomayor's concurrence in *Freeman v. United States*, 564 U.S. 522 (2011); *see United States v. Graham*, 704 F.3d 1275, 1278 (10th Cir. 2013) ("Justice Sotomayor's concurrence is the narrowest grounds of decision [in *Freeman*] and represents the Court's holding."). Under that concurrence, "a term of imprisonment imposed under a Rule 11(c)(1)(C) plea agreement is 'based on' the Guidelines if the agreement either 'calls for the defendant to be sentenced within a particular Guidelines sentencing range,' or 'provides for a specific term of imprisonment and makes clear that the basis for the specified term is a Guidelines sentence range applicable to the offense to which the defendant pleaded guilty.'" *Jordan*, 853 F.3d at 1339 (quoting *Freeman*, 564 U.S. at 538–39 (Sotomayor, J., concurring in judgment)) (brackets and ellipses omitted).

2

Defendant's plea agreement set his sentence at 240 months' imprisonment. It does not purport to rely on any guideline calculation. Indeed, it preceded the calculation of his guidelines sentencing range by the probation office, which determined that his range was 292–365 months, well above the agreed sentence. The agreement's only references to the sentencing guidelines are the government's disclaimer that it "will not seek any departure from the applicable sentencing guidelines," R. at 27, and the government's agreement to recommend a three-point reduction in the offense level for Defendant's acceptance of responsibility. (Both government promises were mooted by the district court's acceptance of the plea agreement.) The agreement neither "call[s] for the defendant to be sentenced within a particular Guidelines sentencing range" nor does it "make[] clear that the basis for the specified term is a Guidelines sentencing range applicable to the offense to which the defendant pleaded guilty." *Freeman*, 564 U.S. at 538–39**;** *see United States v. Price*, 627 F. App'x. 738, 741 (10th Cir. 2015) (unpublished) ("Because [the defendant's] agreement proposes a specific sentence of 240 months, it does not call for the district court to sentence Defendant within a particular Guidelines sentencing range" and is thus not "based on" the sentencing guidelines).

Because Mr. Antwine's sentence was not "based on" the sentencing guidelines for § 3582 purposes, the district court's dismissal for lack of jurisdiction was the proper course. *See United States v. Trujeque,* 100 F.3d 869, 871 (10th Cir. 1996).

We **AFFIRM** the dismissal order of the district court.

Entered for the Court


Harris L Hartz
Circuit Judge