FILED
United States Court of Appeals
Tenth Circuit

November 1, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

SHEVEL M. FOY,

    Defendant - Appellant.

No. 17-3024
(D.C. No. 2:07-CR-20168-JWL-4)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **BALDOCK** and **HOLMES**, Circuit Judges.
_____

Shevel M. Foy appeals pro se from a district court order dismissing his 18 U.S.C.

§ 3582(c)(2) sentence-reduction motion for lack of jurisdiction. Our jurisdiction arises

under 28 U.S.C. § 1291, and our review is de novo. *See United States v. Jordan*,

853 F.3d 1334, 1337, 1338 (10th Cir. 2017). Because Foy is pro se, we liberally construe

his filings. *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

When Foy was sentenced for conspiring to manufacture, distribute, or possess

with intent to distribute cocaine base and/or cocaine, the base offense level for offenses

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

involving 150 kilograms or more of cocaine was 38. *See* U.S. Sentencing Guidelines Manual § 2D1.1(c)(1) (U.S. Sentencing Comm'n 2008). On direct appeal, this court noted the drug quantity attributable to Foy was derived from the trial testimony of two co-conspirators: Cruz Santa-Anna and Thomas Humphrey. *See United States v. Foy*, 641 F.3d 455 (10th Cir. 2011). Santa-Anna "testi[fied] that he sold Mr. Foy approximately twenty kilograms of cocaine per month" over a 23-month period, or 460 kilograms. *Id.* at 460, 469. Humphrey testified he provided 165 kilograms of cocaine over an 11-month period. Together, their testimony established that "the quantity [of cocaine] considerably exceeded 150 kilograms," supporting an offense level of 38. *Id.* (internal quotation marks omitted).

In 2014, the U.S. Sentencing Commission enacted Amendment 782, which retroactively increased to 450 kilograms the minimum amount of cocaine required for an offense level of 38. *See* USSG Supp. App. C, Amend. 782. Thereafter, Foy filed his § 3582(c)(2) motion to reduce his sentence, seeking an offense level of 36 based on "a quantity of 150 kilograms but less than 450 kilograms of [c]ocaine." R., Vol. I at 290. The district court concluded it had no authority to reduce Foy's sentence because he was "responsible for drug quantities clearly exceeding the 450-kilogram threshold for a base offense level of 38 in the amended Drug Quantity Table." *Id.* at 295. Accordingly, the district court dismissed Foy's motion.

The district court did not err. Amendment 782 had no effect on Foy's offense level, given his co-conspirators' testimony placing the amount of cocaine above 450 kilograms. *See* 18 U.S.C. § 3582(c)(2) (providing that a court may reduce a term of

imprisonment "that has subsequently been lowered by the Sentencing Commission");
USSG § 1B1.10(a)(2)(B) (2014) (stating that "[a] reduction in the defendant's term of
imprisonment is not" authorized by an amendment that "does not have the effect of
lowering the defendant's applicable guideline range").

To the extent Foy complains that his indictment did not charge an amount of
cocaine exceeding 450 kilograms, we repeat what this court said on direct appeal. "[I]t is
well-established that a sentencing court may look beyond the charges alleged in the
indictment and may consider quantities of drugs not alleged in calculating a defendant's
base offense level, provided the drugs were part of the same course of conduct or
common scheme or plan as the offense of conviction." *Foy*, 641 F.3d at 469 (internal
quotation marks omitted). The testimony of Santa-Anna and Humphrey concerned the
same drugs that were part of the course of conduct or common scheme or plan as the
conspiracy for which Foy was convicted.

Affirmed. Appellant's motion to proceed on appeal in forma pauperis is granted.

Entered for the Court

Timothy M. Tymkovich
Chief Judge

3