**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 16, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

SHEVEL M. FOY,

    Defendant - Appellant.

No. 18-3083
(D.C. No. 2:07-CR-20168-JWL-4)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **MURPHY**, and **MORITZ**, Circuit Judges.
_____

Proceeding pro se,[1] Shevel Foy appeals the district court's order dismissing his

"Motion for Appointment of Counsel and to Take Judicial Notice of Facts." R. vol. 3,

33. For the reasons discussed below, we dismiss Foy's appeal as untimely.

In 2009, a jury convicted Foy of various federal drug offenses. The district

court imposed a 360-month prison sentence, and we affirmed in part and reversed in

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument wouldn't materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment isn't binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1;
10th Cir. R. 32.1.

[1] Because Foy appears pro se, we liberally construe his filings. *See Gallagher
v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009). But we won't act as his advocate.
*See id.*

part. *See United States v. Foy (Foy I)*, 641 F.3d 455, 470 (10th Cir. 2011). Foy then filed a motion to reduce his sentence based on Amendment 782 to the United States Sentencing Guidelines. The district court dismissed Foy's motion, and we affirmed. *See United States v. Foy (Foy II)*, 700 F. App'x 875, 877 (10th Cir. 2017) (unpublished).

Nearly four and a half months later, Foy filed the underlying "Motion for Appointment of Counsel and to Take Judicial Notice of Facts." R. vol. 3, 33. On March 20, 2018, the district court dismissed the motion, concluding that Foy failed to establish any basis for the district court's jurisdiction. Foy designated the district court's order in an April 16, 2018 notice of appeal, and now asks us to reverse. But according to the government, we lack jurisdiction to consider this request because Foy's notice of appeal was untimely. We agree.

A defendant in a criminal case must file a notice of appeal within 14 days after entry of the judgment or order being appealed. Fed. R. App. P. 4(b)(1)(A)(i). This 14-day time limit isn't jurisdictional. But it is an "inflexible claim-processing rule[]" that "assure[s] relief" when—as happened here—"a party properly rais[es]" it. *United States v. Garduño*, 506 F.3d 1287, 1291 (10th Cir. 2007) (first quoting *Kontrick v. Ryan*, 540 U.S. 443, 444 (2004); then quoting *Eberhart v. United States*, 546 U.S. 12, 19 (2005)).

The time for filing a notice of appeal begins to run upon entry of the judgment or order being appealed. *See* Fed. R. App. P. 4(b)(1)(A)(i). For purposes of Rule 4(b)(1)(A)(i), "[a] judgment or order is entered . . . when it is entered on the criminal

2

docket." Fed. R. App. P. 4(b)(6); *see also United States v. Mendoza*, 698 F.3d 1303, 1308 (10th Cir. 2012) (holding that judgement is entered on criminal docket when it "is noted on the docket in a publicly accessible manner").

Here, the district court's order denying Foy's motion was entered on the publicly accessible docket on March 20, 2018. Consequently, Foy had 14 days—or until April 3, 2018—to file his notice of appeal. But as the government points out, Foy didn't file his notice of appeal until April 16, 2018. Thus, the government argues we must dismiss Foy's appeal as untimely. *See Garduño*, 506 F.3d at 1292 ("Because the government timely objected to [defendant's] late notice of appeal, this court is bound to dismiss the appeal.").

In response, Foy asserts that his notice of appeal is timely under the prison-mailbox rule. *See Price v. Philpot*, 420 F.3d 1158, 1163–64 (10th Cir. 2005) (explaining that pro se prisoner's notice of appeal is timely so long as it is "given to prison officials for mailing prior to the filing deadline, regardless of when the court itself receives the document[]"); *see also* Fed. R. App. P. 4(c)(1) (stating that under certain circumstances, inmate's notice of appeal "is timely if it is deposited in the institution's internal mail system on or before the last day for filing").

Here, "the last day for filing" Foy's notice of appeal was April 3, 2018. Fed. R. App. P. 4(c)(1); *see also* Fed. R. App. P. 4(b)(1)(a)(i). But as even Foy concedes, he didn't "deposit[]" his notice of appeal "in [his] institution's internal mail system" until nearly a week later, on April 9, 2018. R. vol. 3, 45. Thus, even with the benefit of the prison-mailbox rule, his notice of appeal is untimely. Accordingly, we are

3

"bound to dismiss the appeal." *Garduño*, 506 F.3d at 1292. Foy's "Motion for the

Court[']s Attention on Issues Presented" is denied.


Entered for the Court


Nancy L. Moritz
Circuit Judge